ORDER AND JUDGMENT**
DEANELL REECE TACHA, Chief Circuit Judge.
Plaintiff-Appellant Utah Environmental Congress (“UEC”) appeals the District Court’s denial of a permanent injunction. In denying the injunction, the District Court found that UEC failed to satisfy any of the four requirements necessary for granting a permanent injunction. On appeal, UEC fails to contest two of these four requirements. We take jurisdiction under 28 U.S.C. § 1291, DENY all pending motions, and because the uncontested findings provide a sufficient basis for denying the permanent injunction, AFFIRM.
I. Background
In 1999, following an extensive administrative review process, Defendant-Intervenor-Appellee Canyon Fuel Company and Defendant-Appellee Bureau of Land Management (“BLM”) entered into a lease permitting Canyon Fuel to expand its coal mining operations in the Manti-La Sal National Forest. In February 2008, Canyon *220 Fuel sought to modify this arrangement to permit mining in areas not previously approved for mining. On July 31, 2003, BLM approved the modification, thereby permitting Canyon Fuel to mine the areas referred to during this litigation as the 3L and 4L panels.
UEC seeks to enjoin the mining of these panels. The District Court initially granted a temporary injunction with respect to the 4L panel and denied an injunction for the 3L panel.[1] The District Court later denied UEC’s motion for a permanent injunction for the 4L panel and granted the Defendants’ motion to lift the temporary injunction. UEC timely appealed.
II. Discussion
We review the denial of a permanent injunction for abuse of discretion. See Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1198 (10th Cir.2000). Under this standard of review, we “accept the district court’s factual findings unless they are clearly erroneous and review application of legal principles de novo.” Id.
To grant a permanent injunction, a district court must find that four requirements have been satisfied: “(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing parties]; and (4) the injunction, if issued, will not adversely affect the public interest.” Fisher v. Oklahoma Health Care Auth., 335 F.3d 1175, 1180 (10th Cir.2003).
The District Court found that UEC failed to meet any of these requirements. On appeal, UEC argues that the District Court erred in finding that the first two requirements were not met. UEC, however, does not contest the District Court’s findings with respect to the last two requirements. Because a permanent injunction cannot be granted unless all four requirements are satisfied, we need only consider these latter two requirements to decide this appeal.
The third requirement for granting a permanent injunction requires a court to balance the harms that would result from denying the injunction against the harms that would result from granting the injunction. In balancing the harms, the District Court found that the financial losses that would occur as a result of granting the permanent injunction outweighed the “speculative claims of environmental harm” that would result from mining. UEC does not contest this finding on appeal.
The fourth requirement for granting a permanent injunction requires a court to consider whether granting the injunction would adversely affect the public interest. The District Court found that granting the injunction would adversely affect the public because it would prevent the mining of enough coal to provide electricity to nearly a half million households for an entire year. UEC does not contest this finding on appeal.
A permanent injunction cannot be granted if any of the four requirements has not been met. Id. Because UEC does not argue that the District Court erred in finding that the balance of harms weighs against granting the injunction or that the public interest would be adversely affected by the injunction, the District Court — regardless of whether it properly assessed the merits of UEC’s position or the possibility of irreparable harm — did not abuse *221 its discretion in denying the permanent injunction.
III. Conclusion
For the foregoing reasons, we AFFIRM the District Court’s denial of a permanent injunction. We DENY Canyon Fuel’s motion to supplement the appendix.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. UEC did not appeal the denial of the temporary injunction for the 3L panel, Canyon Fuel completed mining the panel, and therefore only the 4L panel remains under consideration in this appeal.